# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| FOWLER WOODS, LLC,<br><br>    Plaintiff<br><br>v.<br><br>ACCURADIO, INC.,<br>BLOGTALKRADIO, INC.,<br>GLAM MEDIA, INC.,<br>GPS TECHNOLOGIES, INC.,<br>HOLLYWOOD.COM, LLC,<br>MORRIS PUBLISHING GROUP, LLC<br>NEWGROUNDS.COM, INC.<br>A.H. BELO CORPORATION,<br>    and<br>THEHUFFINGTONPOST.COM, INC.,<br><br>    Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Fowler Woods LLC ("Plaintiff"), by and through its undersigned counsel, files this Original Complaint against AccuRadio Inc., BlogTalkRadio, Inc., Glam Media, Inc., GPS Technologies, Inc., Hollywood, Inc., Morris Publishing Group, LLC, NewGrounds.com, Inc., A.H. Belo Corporation, and TheHuffingtonPost.com, Inc. (collectively "Defendants") as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendants' infringement of Plaintiff's United States Patent No. 6,351,736 entitled "System and Method for Displaying Advertisements with Played Data" (the "'736 patent"; a copy of which is attached hereto as Exhibit A). Plaintiff is the exclusive licensee of the '736 patent with respect to the Defendants. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2. Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware. Plaintiff maintains its principal place of business at 170 Kinnelon Road, Suite 13, Kinnelon, New Jersey 07405. Plaintiff is authorized to do business in Texas. Plaintiff is the exclusive licensee of the '736 patent with respect to the Defendants, and possesses the right to sue for infringement and recover past damages.

3. Upon information and belief, AccuRadio, Inc. ("AccuRadio") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 400 N. Wells Street, Suite 404, Chicago, Illinois 60610. AccuRadio may be served with process through its registered agent, Kurt Hansen, 400 N Wells St, Ste 408, Chicago, IL 60654.

4. Upon information and belief, BlogTalkRadio, Inc. ("BlogTalkRadio") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1072 Madison Ave, Lakewood, New Jersey 08701. BlogTalkRadio may be served with process through its registered agent, Business Filings Incorporated, 108 West 13th Street, Wilmington, DE 19801.

5. Upon information and belief, Glam Media, Inc. ("Glam") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 8000 Marina Boulevard, Suite 130, Brisbane, California 94005. Glam may be served with process through its registered agent, Corporation Service Company 2711 Centerville Road, Suite 400, Wilmington, DE 19801.

6. Upon information and belief, GPS Technologies, Inc. ("GPS Tech") is a corporation organized and existing under the laws of the State of Iowa, with its principal place of business located at 524 East 7th Street, Carroll, Iowa 51401. GPS Tech may be served with process through its registered agent, Robert E. Pudenz, 524 East 7th Street, Carroll, IA 51401.

7. Upon information and belief, Hollywood.com, LLC. ("Hollywood") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 225 Glades Road, Suite 221A, Boca Raton, Florida 33431. Hollywood may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

8. Upon information and belief, Morris Publishing Group, LLC. ("Morris") is a limited liability company organized and existing under the laws of the State of Georgia, with its principal place of business located at 725 Broad Street, Augusta, Georgia 30901. Morris may be served with process through its registered agent, Corporation Service Company, d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street Suite 620, Austin, TX 78701-3218.

9. Upon information and belief, Newgrounds.com, Inc. ("Newgrounds") is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business located at 323 W. Glenside Avenue, Glenside, Pennsylvania 19038.

Newgrounds may be served with process through its registered agent, Thomas C. Fulp, 323 Est Glenside Avenue, Glenside, PA 19038.

10. Upon information and belief, The A.H. Belo Corporation ("Belo") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 400 South Record Street, Dallas, Texas 75202-4806. Belo may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

11. Upon information and belief, TheHuffingtonPost.com, Inc. ("Huffington") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 560 Broadway, Ste. 308, New York, New York, 10012. Huffington may be served with process through its registered agent, National Corporate Research, Ltd., 615 South DuPont Hwy, Dover, DE 19901.

## JURISDICTION AND VENUE

12. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

13. The Court has personal jurisdiction over each Defendant because: each Defendant has minimum contacts within the State of Texas and the Eastern District of Texas; each Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; each Defendant has sought protection and benefit from the laws of the State of Texas; each Defendant regularly solicits customers within the State of Texas and the Eastern District of Texas and conducts business within the State of Texas and within the Eastern District of Texas; and Plaintiff's causes of action arise directly from

Defendants' business contacts and other activities in the State of Texas and in the Eastern District of Texas.

14. More specifically, each Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of Texas, and the Eastern District of Texas. Upon information and belief, each Defendant has committed patent infringement in the State of Texas and in the Eastern District of Texas, has contributed to patent infringement in the State of Texas and in the Eastern District of Texas, and/or has induced others to commit patent infringement in the State of Texas and in the Eastern District of Texas. Each Defendant solicits customers in the State of Texas and in the Eastern District of Texas. Each Defendant has many paying customers who are residents of the State of Texas and the Eastern District of Texas and who each use respective Defendant's products and services in the State of Texas and in the Eastern District of Texas.

15. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I – PATENT INFRINGEMENT

16. The '736 patent was duly and legally issued by the United States Patent and Trademark Office on February 26, 2002 after full and fair examination. Plaintiff is the exclusive licensee of the '736 patent with respect to the Defendants, and possesses all rights of recovery under the '736 patent with respect to the Defendants, including the right to sue for infringement and recover past damages.

17. Upon information and belief, AccuRadio has infringed and continues to infringe one or more claims of the '736 patent by making, using, providing, offering to sell, and selling

(directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for displaying advertisements with played data, including via the website www.accuradio.com.  Upon information and belief, AccuRadio has also contributed to the infringement of one or more claims of the '736 patent, and/or actively induced others to infringe one or more claims of the '736 patent, in this district and elsewhere in the United States.

18.     Upon information and belief, BlogTalkRadio has infringed and continues to infringe one or more claims of the '736 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for displaying advertisements with played data, including via the website www.Blogtalkradio.com.  Upon information and belief, BlogTalkRadio has also contributed to the infringement of one or more claims of the '736 patent, and/or actively induced others to infringe one or more claims of the '736 patent, in this district and elsewhere in the United States.

19.     Upon information and belief, Glam has infringed and continues to infringe one or more claims of the '736 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for displaying advertisements with played data, including via the websites www.brash.com and www.glam.com..  Upon information and belief, Glam has also contributed to the infringement of one or more claims of the '736 patent, and/or actively induced others to infringe one or more claims of the '736 patent, in this district and elsewhere in the United States.

20.     Upon information and belief, GPS Tech has infringed and continues to infringe one or more claims of the '736 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for displaying advertisements with played data, including via the CTX-A and CTX-

B GPS units. Upon information and belief, GPS Tech has also contributed to the infringement of one or more claims of the '736 patent, and/or actively induced others to infringe one or more claims of the '736 patent, in this district and elsewhere in the United States.

21. Upon information and belief, Hollywood has infringed and continues to infringe one or more claims of the '736 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for displaying advertisements with played data, including via the website www.hollywood.com. Upon information and belief, Hollywood has also contributed to the infringement of one or more claims of the '736 patent, and/or actively induced others to infringe one or more claims of the '736 patent, in this district and elsewhere in the United States.

22. Upon information and belief, Morris has infringed and continues to infringe one or more claims of the '736 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for displaying advertisements with played data, including via at least the website www.lubbockonline.com. Upon information and belief, Morris has also contributed to the infringement of one or more claims of the '736 patent, and/or actively induced others to infringe one or more claims of the '736 patent, in this district and elsewhere in the United States.

23. Upon information and belief, Newgrounds has infringed and continues to infringe one or more claims of the '736 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for displaying advertisements with played data, including via the website www.newgrounds.com. Upon information and belief, Newgrounds has also contributed to the

infringement of one or more claims of the '736 patent, and/or actively induced others to infringe one or more claims of the '736 patent, in this district and elsewhere in the United States.

24.     Upon information and belief, Belo has infringed and continues to infringe one or more claims of the '736 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for displaying advertisements with played data, including via the website www.dallasnews.com.  Upon information and belief, Belo has also contributed to the infringement of one or more claims of the '736 patent, and/or actively induced others to infringe one or more claims of the '736 patent, in this district and elsewhere in the United States.

25.     Upon information and belief, Huffington has infringed and continues to infringe one or more claims of the '736 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for displaying advertisements with played data, including via the website www.huffingtonpost.com and the Slacker mobile application.  Upon information and belief, Huffington has also contributed to the infringement of one or more claims of the '736 patent, and/or actively induced others to infringe one or more claims of the '736 patent, in this district and elsewhere in the United States.

26.     Upon information and belief, to the extent any Defendants lacked actual knowledge of the '736 Patent prior to this lawsuit, at a minimum they had constructive notice of the '736 Patent by operation of at least 35 U.S.C. § 287.

27.     Each Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

28. Plaintiff is entitled to recover from the Defendants the damages sustained by Plaintiff as a result of the Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

29. Defendants' infringement of Plaintiff's exclusive rights under the '736 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

30. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the '736 patent have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendants' acts of infringement together with pre-judgment and post-judgment interest;

C. That one or more of the Defendants' acts of infringement be found to be willful from the time that Defendants became aware of the infringing nature of their actions, which is the time of filing of Plaintiff's Original Complaint at the latest,

and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

D. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of the '736 patent;

E. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

F. Any further relief that this Court deems just and proper.

Respectfully submitted,

Dated: May 19, 2010

By: /s/ Andrew Spangler
Andrew W. Spangler
Texas State Bar No. 24041960
Todd Y. Brandt
Texas State Bar No. 24027051
**SPANGLER LAW P.C.**
208 N. Green Street, Suite 300
Longview, Texas 75601
Telephone: 903-753-9300
Facsimile: 903- 553-0403
spangler@spanglerlawpc.com
brandt@spanglerlawpc.com

Hao Ni
State Bar No. 24047205
Ni Law Firm PLLC
3102 Maple Avenue, Suite 400
Dallas, TX 75201
Telephone: (214) 800-2208
Facsimile:  (214) 800-2209
hni@nilawfirm.com

**ATTORNEY FOR PLAINTIFF FOWLER WOODS LLC**